## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| OWENS CORNING<br>One Owens Corning Parkway<br>Toledo, Ohio 43659<br><br>and<br><br>OWENS CORNING INTELLECTUAL<br>CAPITAL, LLC<br>One Owens Corning Parkway<br>Toledo, Ohio 43659,<br><br>                Plaintiffs,<br><br>     vs.<br><br>PINK ENERGY, LLC<br>One Turks Head Place, Suite 1200<br>Providence, Rhode Island 02903<br><br>and<br><br>POWER HOME SOLAR LLC<br>dba PINK ENERGY<br>919 North Main Street<br>Mooresville, North Carolina 28115,<br><br>              Defendants. | CASE NO. _____<br><br>JUDGE _____<br><br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** _____ |

Plaintiffs Owens Corning and Owens Corning Intellectual Capital, LLC (collectively, "Owens Corning") seek injunctive and monetary relief against Defendants Pink Energy, LLC and Power Home Solar LLC dba Pink Energy (collectively, "Pink Energy" or "Defendants") from their infringement and dilution of Owens Corning's well-known and famous, federally registered PINK® color- and word trademarks for insulation and related energy-saving products. Defendants have violated and are violating the federal Lanham Act, 15 U.S.C. § 1125(a) et seq.,

17840495v1

the Anti-Cybersquatting Protection Act, and Ohio statutory and common law by making unauthorized use of Owens Corning's PINK® trademarks in connection with insulation and roofing-related solar energy products and services that Defendants offer as a package to consumers.

Defendants' imitation of Owens Corning's famous and well-known registered trademarks for energy-saving products is no coincidence:

| Owens Corning's Registered Trademark | Defendants' Unauthorized Mark |
|---|---|
| PINK COLOR® | PINK COLOR |
| PINK® (word trademark) | PINK (word trademark) |
| 1-800-GET PINK® | 1-877-4-GO-PINK |
| PINK IS GREEN® | THINK GREEN. GO PINK |

## THE PARTIES

1.      Plaintiff Owens Corning is a Delaware corporation with its world headquarters and principal place of business at One Owens Corning Parkway, Toledo, Ohio 43659.

2.      Plaintiff Owens Corning Intellectual Capital, LLC is a Delaware limited liability company with its principal place of business at One Owens Corning Parkway, Toledo, Ohio 43659.

3.      Upon information and belief, Defendant Power Home Solar LLC is a Delaware limited liability company doing business as Pink Energy, with its principal place of business at 919 North Main Street, Mooresville, North Carolina 28115.

4.      Upon information and belief, Defendant Pink Energy LLC is a Delaware limited liability company with its principal place of business at One Turks Head Place, Suite 1200, Providence, Rhode Island 02903.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 because it arises, in part, pursuant to 15 U.S.C. § 1114.

6.      The Defendants are subject to this Court's personal jurisdiction because they: (1) transact business within the State of Ohio and this District; (2) contract to supply goods or services in the State of Ohio and this District; and (3) have committed the tortious acts specified herein within the State of Ohio and this District.

7.      Venue is proper under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c).

## FACTUAL ALLEGATIONS

### A. Owens Corning and Its Federally Registered and Famous PINK® Trademarks

8.      Founded in 1938, Owens Corning sells insulation systems to help homes and commercial buildings conserve energy.  Owens Corning has offered pink insulation since 1956 to distinguish its product.  Since that time, Owens Corning has used the color pink in connection with the packaging, promotion, distribution, and selling of its various best-selling insulation products, and has expanded its use of the color pink, as well as the use of the word "pink," into other energy-saving building products and associated services.

9. Representative photographs and screenshots showing some of the ways in which Owens Corning uses and promotes the color pink and/or the word "pink" in connection with its various products and services are shown below:











10.     Consumers and builders interested in purchasing or learning more about Owens

Corning's products and systems can call the number 1-800-GET-PINK, which Owens Corning

advertises on its website, as shown by the screenshot below:

# CONTACT US

Even though we're a global company, we're always ready to
answer your questions. Call to speak with an Owens Corning
representative so you can start your project right away.

# 1-800-GET-PINK®

11.     Owens Corning is the owner of registered and common law rights to the PINK®

word mark and the PINK® color trademark in connection with insulation, roofing, and other

energy-saving products for homes and buildings, and associated services (collectively, "PINK

Marks").  In fact, Owens Corning's well-known PINK® colored insulation famously was the first

single-color trademark to achieve federal registration in the United States in 1987.  Representative

examples of Owens Corning's U.S. PINK Marks are described below:

| Mark<br>App. No.<br>Reg. No. | Status/Key Dates | Full Goods/Services |
|---|---|---|
| **PINK**<br>REG. NO.: 3885949<br>APP. NO.: 85016615 | First Use: April 30, 2009<br>Filed: April 18, 2010<br>Registered: December 7, 2010 | Int'l Class: 17<br>Insulating materials |
| PINK COLOR<br><br>REG. NO.: 1439132<br>APP. NO.: 73247707 | First Use: 1956<br>Filed: January 25, 1980<br>Registered: May 12, 1987 | Int'l Class: 17<br>fibrous glass residential insulation |
| PINK COLOR<br><br>REG. NO.: 2090588<br>APP. NO.: 75050728 | First Use: September 13, 1978<br>Filed: January 29, 1996<br>Registered: August 26, 1997 | Int'l Class: 17<br>foam insulation for use in building and<br>construction |
| PINK COLOR<br><br>REG. NO.: 2380742<br>APP. NO.: 75639297 | First Use: 1956<br>Filed: February 8, 1999<br>Registered: August 29, 2000 | Int'l Class: 17<br>building insulation |
| PINK COLOR<br><br> | First Use: November 15, 2000<br>Filed: July 28, 2000<br>Registered: March 11, 2003 | Int'l Class: 19<br>roofing shingles |

| | | |
|---|---|---|
| REG. NO.: 2695673<br><br>APP. NO.: 78018788 | | |
| **1-800-GET-PINK**<br><br><br>REG. NO.: 3811248<br>APP. NO.: 77069068 | First Use: July 31, 2008<br><br>Filed: December 21, 2006<br><br>Registered: June 29, 2010 | Int'l Class: 35<br><br>Advertising, marketing and promotion services for others; providing information and advice regarding marketing and business management, and cooperative marketing and advertising services, business advertising and marketing consultation, providing referrals to contractors |
| **1-800-GET-PINK**<br><br><br>REG. NO.: 3705738<br>APP. NO.: 77069065 | First Use: January 31, 2007<br><br>Filed: December 21, 2006<br><br>Registered: November 3, 2009 | Int'l Class: 37<br><br>Providing information and advice in the field of building and construction |
| **1-800-GET-PINK**<br><br><br>REG. NO.: 3573083<br>APP. NO.: 77069070 | First Use: December 31, 1998<br><br>Filed: December 21, 2006<br><br>Registered: February 10, 2009 | Int'l Class: 19<br><br>non-metal roofing shingles; non-metal attic rafter vents |
| **1-800-GET-PINK**<br><br><br>REG. NO.: 3712428<br>APP. NO.: 77069075 | First Use: April 30, 2004<br><br>Filed: December 21, 2006<br><br>Registered: November 17, 2009 | Int'l Class: 17<br><br>insulation for building and construction; fiber glass panels for acoustic and thermal insulation |
| **PINK ADVANTAGE**<br><br><br>REG. NO.: 4347323<br>APP. NO.: 85387082 | First Use: February 1, 2013<br><br>Filed: August 2, 2011<br><br>Registered: June 4, 2013 | Int'l Class: 35<br><br>program to assist building materials dealers in selling building material products, preparing advertising and marketing materials, providing information and advice regarding marketing and business management, and cooperative marketing and cooperative advertising services |

| | | |
|---|---|---|
| **PREFERRED PINK**<br><br><br>REG. NO.: 4347329<br>APP. NO.: 85389716 | First Use: February 1, 2013<br>Filed: August 4, 2011<br>Registered: June 4, 2013 | Int'l Class: 35<br><br>program to assist building materials dealers in selling building material products, preparing advertising and marketing materials, providing information and advice regarding marketing and business management, and cooperative marketing and cooperative advertising services |
| **PINK IS GREEN**<br>REG. NO.: 3476459<br>APP. NO.: 77362596 | First Use: December 28, 2007<br>Filed: January 2, 2008<br>Registered: July 29, 2008 | Int'l Class: 17<br><br>Building insulation |
| **PINK NEXT GEN**<br><br><br>REG. NO.: 6623845<br>APP. NO.: 90365841 | First Use: June, 2021<br>Filed: December 8, 2020<br>Registered: January 18, 2022 | Int'l Class: 17<br><br>Insulating materials |
| **DURAPINK**<br><br><br>REG. NO.: 1848205<br>APP. NO.: 74335445 | First Use: February 14, 1993<br>Filed: November 30, 1992<br>Registered: August 2, 1994 | Int'l Class: 19<br><br>roofing recovery board |
| **INSULPINK**<br><br><br>REG. NO.: 2036673<br>APP. NO.: 74732234 | First Use: December 6, 1995<br>Filed: September 21, 1995<br>Registered: February 11, 1997 | Int'l Class: 17<br><br>polystyrene insulation for buildings |
| **PINKCORE**<br><br><br>REG. NO.: 3134201<br>APP. NO.: 78528151 | First Use: October 6, 1997<br>Filed: December 7, 2004<br>Registered: August 22, 2006 | Int'l Class: 17<br><br>building insulation |
| **PINK TANK**<br>REG. NO.: 6741190<br>APP. NO.: 90608837 | First Use: June, 2021<br>Filed: March 29, 2021<br>Registered: May 24, 2022 | Int'l Class: 42<br><br>Computer modeling services involving composite materials |

| PINKBAR<br><br>REG. NO.: 6196627<br>APP. NO.: 88626483 | First Use: February 4, 2020<br>Filed: September 23, 2019<br>Registered: November 10, 2020 | Int'l Class: 19<br>Fiberglass rebar |
|---|---|---|
| PINKWRAP<br><br>REG. NO.: 2021199<br>APP. NO.: 74533814 | First Use: January 16, 1995<br>Filed: June 6, 1994<br>Registered: December 3, 1996 | Int'l Class: 17<br>air infiltration and weather barrier for use in building construction |
| PROPINK<br><br>REG. NO.: 4318402<br>APP. NO.: 85521537 | First Use: May 1, 2012<br>Filed: January 20, 2012<br>Registered: April 9, 2013 | Int'l Class: 03<br>Cleaning solvent, namely, cleaning preparations |
| PROPINK<br><br>REG. NO.: 2248313<br>APP. NO.: 75371317 | First Use: March 5, 1997<br>Filed: October 10, 1997<br>Registered: May 25, 1999 | Int'l Class: 17<br>insulation used in building and construction |
| PROPINK<br><br>REG. NO.: 2133419<br>APP. NO.: 75227809 | First Use: March 5, 1997<br>Filed: January 17, 1997<br>Registered: January 27, 1998 | Int'l Class: 17<br>foam sheeting for use as a building insulation |
| PROPINK COMFORTSEAL<br><br>REG. NO.: 5514576<br>APP. NO.: 87238111 | First Use: December 5, 2017<br>Filed: November 15, 2016<br>Registered: July 10, 2018 | Int'l Class: 17<br>Spray sealant for use in buildings and building construction; foam insulation for use in building and construction; Foam sill gasket for use between the sill plate and foundation walls; foam framing gasket for use in the top plate and rim in residential construction; polyurethane foam sealant for use in connection with residential and commercial buildings |
| PROPINK ONE | First Use: June 12, 2012<br>Filed: October 3, 2011 | Int'l Class: 17<br>Foam sealant for use in |

| REG. NO.: 4589098<br>APP. NO.: 85437751 | Registered: August 19, 2014 | connection with<br><br>residential and commercial buildings |
|---|---|---|
| **PROPINK SUB-ZERO**<br><br>REG. NO.: 4589100<br>APP. NO.: 85445051 | First Use: June 12, 2012<br>Filed: October 12, 2011<br>Registered: August 19, 2014 | Int'l Class: 17<br><br>Foam sealant for use in connection with residential and commercial buildings |
| **THERMAPINK**<br><br>REG. NO.: 2072858<br>APP. NO.: 75073617 | First Use: July 30, 1996<br>Filed: March 15, 1996<br>Registered: June 17, 1997 | Int'l Class: 17<br><br>foam insulation used in roofing applications |
| PINK COLOR + OWENS CORNING<br><br><br><br>REG. NO.: 2808451<br>APP. NO.: 78018791 | First Use: November 15, 2000<br>Filed: July 28, 2000<br>Registered: January 27, 2004 | Int'l Class: 19<br><br>roofing shingles |
| PINK COLOR<br><br> | Filed: January 23, 2020<br>Allowed | Int'l Class: 19<br><br>Fiberglass rebar |
| PINK COLOR<br><br> | First Use: March 15, 1993<br>Filed: August 31, 1998<br>Registered: August 29, 2000 | Int'l Class: 19<br><br>extruded polystyrene attic rafter vents for use as a component of an insulation system |

| | | |
|---|---|---|
| REG. NO.: 2380445<br>APP. NO.: 75544715 | | |
| PINK COLOR<br><br>REG. NO.: 2349499<br>APP. NO.: 75544722 | First Use: January 16, 1995<br>Filed: August 31, 1998<br>Registered: May 16, 2000 | Int'l Class: 17<br>Air infiltration and moisture barrier for use in building construction, sold in rolls |
| PINK COLOR<br><br>REG. NO.: 3165001<br>APP. NO.: 78724143 | First Use: May 2, 1995<br>Filed: September 30, 2005<br>Registered: October 31, 2006 | Int'l Class: 17<br>Adhesive masking tape used in building construction for seaming and sealing of joints in foam insulation and other sheathing materials, to secure lap edges in house wraps and vapor barriers and to repair rips and tears in faced insulation, construction films and membranes |
| PINK COLOR<br><br>REG. NO.: 4128046<br>APP. NO.: 85306082 | First Use: April 29, 2009<br>Filed: April 27, 2011<br>Registered: April 17, 2012 | Int'l Class: 17<br>Spray foam sealant for use in connection with residential and commercial construction projects |

12.     Owens Corning's registrations identified in the chart above are valid and subsisting, and constitute *prima facie* evidence of the validity thereof and of Owens Corning's ownership and exclusive right to use the PINK Marks, and are constructive notice of Owens

Corning's ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act of 1946, as amended.  Additionally, many of these registrations are incontestable under 15 U.S.C. § 1065, and are therefore conclusive evidence of the validity of the registered marks, of Owens Corning's ownership of the marks and of Owen Corning's exclusive right to use the marks with the covered goods.

13.     Owens Corning is committed to building a sustainable future through the sale and use of its energy-saving products.  Owens Corning has been a leader in this area, making its first Corporate Stewardship commitment in 1993 and establishing a Chief Sustainability Officer reporting to the CEO since 2007.  As shown below, Owens Corning uses the PINK Marks on its website to advertise its company mission of "building a sustainable future through material innovation":





14.     As shown below, Owens Corning also underscores the energy conservation benefits

of its insulation products using the PINK Marks by placing its federally registered "pink is green"®

mark (  ) on the packaging for its products:



15.     Over the years, Owens Corning has won a variety of awards related to energy conservation, including ranking #1 four years in a row (from 2019 to 2022) on 3BL Media's list of 100 Best Corporate Citizens, which recognizes outstanding environmental, social and governance (ESG) transparency and performance among the 1,000 largest, publicly traded U.S. companies.

16.     Owens Corning has invested substantial resources in designing, manufacturing, promoting, marketing, advertising, distributing, and selling insulation, roofing, and other energy-saving products and associated services under its PINK Marks.  Owens Corning's energy-saving products are also frequently marketed, purchased and used in combination and connection with solar panels on or near the roofs of homes.  Owens Corning has a network of contractors that includes partners who install insulation, solar panels and other rooftop products.  Owens Corning also uses its PINK Marks to guide customers on how to prepare a roof for a solar panel installation:



17.     Owens Corning has also used its PINK Marks in connection with its offering of other energy-saving products including attic staircase insulators, sealant tapes, attic solar fans, and hot water tank blankets.

18.     As a result of Owens Corning's long and continuous use of the PINK Marks, its substantial sales of product and significant investment in advertising and promoting its products under the PINK Marks, the PINK Marks have become well-known as uniquely associated with Owens Corning and an indication of origin, and have become famous.

**B.  Defendants' Unlawful Conduct**

19.     Upon information and belief, Defendants were founded under the name Powerhome Solar in 2014 to sell and install energy-saving solar roofing systems, panels, equipment, and related products, including insulation, to consumers.   Upon information and belief, Defendant's solar equipment is commonly installed on rooftops, including rooftops that include Owens Corning PINK-branded roofing products, such as Owens Corning's solar-reflective shingles.

20.     Upon information and belief, in late 2021 and early 2022, Defendants received a dramatic and massive amount of customer service calls, complaints and negative publicity about their product burning, melting and malfunctioning.

21.     On or about May 1, 2022, Defendants rebranded and began doing business as PINK ENERGY.  Defendants described themselves as an "energy efficiency company" that offers "a complete energy-savings package for residential customers." Defendants' energy-savings package includes blown insulation as well as solar panels and an attic staircase insulator, just as Owens Corning offers blown insulation and attic staircase insulators.  Defendants offer all of

these goods and services under the PINK word trademark and prominently featuring the color pink in advertising and marketing that mimics Owens Corning's PINK Marks.

22.     In connection with the rebrand, Defendants also began marketing their energy-efficiency products and services on the website gopink.com using both the word trademark PINK and the color pink.   Defendants' marketing includes an identical and/or highly similar shade of pink to that used and registered by Owens Corning.  For example:





23.     And while Owens Corning has long used its 1-800-GET PINK® trademark, Defendants have adopted (877) 4-GO-Pink for its energy-saving goods and services to consumers:



24.     Defendants have also used Owens Corning's PINK word and color trademarks on social media featuring images of roofs with shingles as well as solar panels:



25.     Defendants thus market their energy-saving solar roofing systems, panels, equipment, and related products, including insulation, to consumers through the same or similar channels as Owens Corning.

26.     And despite Owens Corning's registered PINK IS GREEN® mark, Defendants even filed with the United States Patent & Trademark Office an intent-to-use application to register the mark THINK GREEN. GO PINK. in connection with, among other things, "[p]romoting public awareness of … energy efficiency products; [and] Providing consumer and business information in the field of … energy efficiency products."

### C.  Defendants Refuse To Stop Their Unauthorized Use of Owens Corning's PINK  Marks

27.     Given the identical and highly similar nature of the parties' respective marks, goods, services, and marketing materials, Owens Corning, concerned by the threat of likely

confusion in the marketplace, sent a letter to Defendants on June 22, 2022, which requested that Defendant timely cease use of Owens Corning's PINK Marks, including the word PINK and the color pink.

28.     Defendants responded by acknowledging, among other things, that they are marketing primarily to residential homeowners and "recognized that other complimentary related offerings" to solar panels are "essential[.]" As of the filing of this Complaint, however, Defendants have refused to cease and desist from their use of the PINK Marks.

29.     Meanwhile, upon information and belief, Defendants' defective product has begun to pile up in Defendants' warehouses, and Defendants have received an overwhelming number of negative reviews and complaints to the Better Business Bureau, social media, and other review platforms.

30.     Owens Corning has not authorized the use of the PINK Marks by Defendants in any manner.  Owens Corning continues to be harmed by Defendants' unauthorized use of the PINK Marks.

31.     Defendants' continued infringement of the PINK Marks is willful.

32.     Defendants' conduct has caused and will continue to cause irreparable injury to Owens Corning's goodwill and reputation, for which Owens Corning has no adequate remedy at law.

## COUNT I
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

33.     Owens Corning incorporates by reference each and every allegation contained in Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Owens Corning's use of the federally registered PINK Marks predates any alleged first use by Defendants.

35. Defendants' use of the PINK Marks in connection with solar energy panels, insulation, and related goods and services is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided or offered for sale by Defendants and the sponsorship or endorsement of those goods and services by Owens Corning.

36. Defendants' use of the PINK Marks in connection with solar energy panels, insulation, and related goods and services is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided by Owens Corning and the sponsorship or endorsement of those goods by Defendants.

37. Owens Corning has never authorized, licensed, or otherwise condoned or consented to Defendants' use of the PINK Marks.

38. Defendants have misappropriated and continue to misappropriate Owens Corning's substantial property rights in the PINK Marks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Owens Corning and allow Defendants to improperly interfere with Owens Corning's continued promotion and expansion of its business.

39. The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention to deceive and mislead the public.

40. The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention of causing harm to Owens Corning.

41.     The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Owens Corning and the PINK Marks.

42.     Defendants will continue their ongoing acts of trademark infringement, causing irreparable injury to Owens Corning, unless such activities are enjoined by this Court.

43.     As a direct and proximate result of Defendants' unlawful activities, Owens Corning has and continues to suffer damages in an amount that is not presently ascertainable, but will be determined at trial.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (15 U.S.C. §1125(a))

44.     Owens Corning incorporates by reference each and every allegation contained in Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.     Defendants' use of Owens Corning's common-law PINK Marks in connection with solar energy panels, insulation, and related goods and services is likely to deceive and cause confusion among consumers as to the source or origin of the goods and services provided or offered for sale by Defendants and the sponsorship or endorsement of those goods and services by Owens Corning.

46.     Owens Corning has never authorized, licensed, or otherwise condoned or consented to Defendants' use of the PINK Marks.

47.     Defendants have misappropriated and continue to misappropriate Owens Corning's substantial property rights in the PINK Marks, as well as the goodwill associated

therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Owens Corning and allow Defendants to improperly interfere with Owens Corning's continued promotion and expansion of its business.

48. The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention to deceive and mislead the public.

49. The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention of causing harm to Owens Corning.

50. The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Owens Corning and the PINK Marks.

51. Defendants will continue their ongoing acts of unfair competition, causing irreparable injury to Owens Corning, unless such activities are enjoined by this Court.

52. As a direct and proximate result of Defendants' unlawful activities, Owens Corning has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125(c))**

53. Owens Corning incorporates by reference each and every allegation contained in Paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. The PINK Marks are widely recognized by the general public and have acquired fame throughout the United States, entitling them to protection from federal trademark dilution.

55.     Defendants' use of the PINK Marks began after the PINK Marks became famous.

56.     Defendants' use of the PINK Marks, without authorization from Owens Corning, is likely to dilute the distinctive quality of the PINK Marks and to decrease the capacity of those marks to identify and distinguish Owens Corning's goods and services, and is likely to cause harm to Owens Corning's business reputation.

57.     The acts of Defendants alleged above constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58.     The acts of Defendants alleged above were committed willfully, with full knowledge of Owens Corning's rights and with the intention of deceiving and misleading the public and causing harm to Owens Corning.

59.     Defendants will continue their ongoing acts of trademark dilution, causing irreparable injury to Owens Corning, unless such activities are enjoined by this Court

60.     As a direct and proximate result of Defendants' unlawful acts, Owens Corning has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT IV
## VIOLATION OF THE ACPA
### (15 U.S.C § 1125(d)(1)(A))

61.     Owens Corning incorporates by reference each and every allegation contained in Paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.     Owens Corning owns the exclusive rights to the PINK Marks.

63.     Defendants reserved, registered, and are using gopink.com ("the Infringing Domain Name") knowingly, willfully, and in complete disregard of Owens Corning's exclusive rights in and to the PINK Marks.

64.     Defendants reserved, registered, and are using the PINK mark in the Infringing Domain Name with a bad faith intent to profit from the use of the PINK mark.

65.     The Infringing Domain Name is confusingly similar to the PINK mark.

66.     Defendants reserved, registered, and are using the Infringing Domain Name with the intent to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the goods and services promoted and sold on its website.

67.     Defendants will continue their acts of cyberpiracy, causing irreparable injury to Owens Corning, unless such activities are enjoined by this Court.

68.     As a direct and proximate result of Defendants' unlawful activities, Owens Corning has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

**COUNT V**
**DECEPTIVE TRADE PRACTICES**
**(O.R.C. § 4165.02)**

69.     Owens Corning incorporates by reference each and every allegation contained in Paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70.     Through the conduct described herein, Defendants have engaged in unfair competition and deceptive trade practices in violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.02.

71.     Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods and services.

72.     Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and misunderstanding as to the affiliation, connection, or association with Owens Corning.

73.     Defendants' acts and practices in violation of the Ohio Deceptive Trade Practices Act, as set forth above, have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm and damage to Owens Corning, for which it has no adequate remedy at law.

74.     As a direct and proximate result of Defendants' unlawful activities, Owens Corning has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT VI
## UNFAIR COMPETITION
### (Ohio Common Law)

75.     Owens Corning incorporates by reference each and every allegation contained in Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76.     Through the conduct described herein, Defendants have engaged in unfair competition under the common law of Ohio.

77.     Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the

affiliation, connection, or sponsorship of Defendants' goods, services, and commercial activities with Owens Corning.

78.     Defendants' unlawful acts and practices, as set forth above, have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm and damage to Owens Corning, for which it has no adequate remedy at law.

79.     As a direct and proximate result of Defendants' unlawful activities, Owens Corning has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Owens Corning respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A.     Declaring that Defendants' unauthorized use of the PINK Marks infringes Owens Corning's valid intellectual property rights;

B.     Declaring that Defendants' unauthorized use of the PINK Marks is likely to dilute Owens Corning's famous and distinctive PINK Marks;

C.     Declaring that Defendants' conduct was knowing, intentional, and willful;

D.     Preliminarily and permanently enjoining Defendants, their officers, principals, agents, employees, and those persons acting in active concert or participation with Defendants, or on their behalf, from:

1.     Using (including, but not limited to, in connection with the promotion, marketing, advertising and sale of goods or services) the PINK Marks for goods or services, a business or trade name, or on the internet, or as domain names, email addresses, meta

tags, or invisible data, or on Defendants' websites or any other website, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Defendants with Owens Corning;

2. Using any reproduction or colorable imitation of the PINK Marks, or any mark similar thereto or dilutive thereof, for goods or services, as a business or trade name, or on the internet, or as domain names, email addresses, meta tags, or invisible data, or on Defendants' websites or any other website; and

3. Engaging in any acts of unfair competition with Owens Corning or other conduct that suggests or tends to suggest to the public that Defendants are in any manner, directly or indirectly, affiliated, connected, or associated with Owens Corning or that Defendants' goods, services, or commercial activities originate from or are sponsored or approved by Owens Corning;

E. Ordering that all signage, advertisements, labels, prints, packages, wrappers and receptacles in the possession of Defendants bearing the PINK Marks, or any colorable imitation thereof, be destroyed, and that the PINK Marks and any colorable imitations be removed from all Internet web sites, online advertising, marketing, promotions or other online materials, pursuant to 15 U.S.C. § 1118;

F. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Owens Corning's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.      Ordering Defendants to transfer registration of the Infringing Domain Name to Owens Corning;

H.      Ordering Defendants to account to Owens Corning for all profits made by them in connection with any and all commercial activity relating to their use of the PINK Marks;

I.      Awarding Owens Corning any and all monetary damages resulting from Defendants' intentional, willful, and wanton unlawful acts as described herein, in an amount to be determined at trial;

J.      Awarding Owens Corning its costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and state law;

K.      Awarding Owens Corning any and all profits realized by Defendants as a result of Defendants' wrongful and unlawful acts described herein, pursuant to 15 U.S.C. § 1117;

L.      Awarding Owens Corning treble damages pursuant to 15 U.S.C. § 1117;

M.      Awarding Owens Corning its costs, disbursements, expenses, and reasonable attorneys' fees in this action; and

N.      Awarding Owens Corning such other and further relief as this Court deems just and proper.

Dated: September 13, 2022                    Respectfully submitted,

                                             /s/ Peter R. Silverman
                                             Peter R. Silverman (0001579)
                                             psilverman@shumaker.com
                                             SHUMAKER, LOOP & KENDRICK, LLP
                                             1000 Jackson Street
                                             Toledo, Ohio 43604-5573
                                             Telephone: (419) 321-1307
                                             Facsimile:  (419) 241-6894

                                             Angela R. Gott  (Ohio Bar No. 0082198)
                                             agott@jonesday.com
                                             JONES DAY
                                             North Point
                                             901 Lakeside Avenue
                                             Cleveland, Ohio  44114-1190
                                             Telephone:      (216) 586-3939
                                             Facsimile:      (216) 579-0212

                                             John G. Froemming [*pro hac vice* forthcoming]
                                             jfroemming@jonesday.com
                                             JONES DAY
                                             51 Louisiana Avenue NW
                                             Washington, DC  20001
                                             Telephone:      (202) 879-3939
                                             Facsimile:      (202) 626-1700

                                             *Attorneys for Plaintiffs*
                                             *Owens Corning and*
                                             *Owens Corning Intellectual Capital, LLC*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Owens Corning respectfully demands

a trial by jury on all issues so triable.

                                             /s/ Peter R. Silverman
                                             Peter R. Silverman (0001579)
                                             SHUMAKER, LOOP & KENDRICK LLP
                                             *Attorneys for Plaintiffs*
                                             *Owens Corning and*
                                             *Owens Corning Intellectual Capital, LLC*

17840495v1                                   29